**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| John L. Tregre II, | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action: H-06-2040 |
| | § | |
| Harris County Sheriff's Dept., | § | |
| Defendant. | § | |
| | § | |

## Opinion on Summary Judgment

Defendant Harris County Sheriff's Department ("HCSD") has filed a motion for summary judgment on all claims raised in John L. Tregre's complaint (Dkt. 21).  Tregre's complaint alleges that HCSD fired him in violation of Texas Labor Code § 451.001, and 42 U.S.C. § 1983 (Dkt. 10, Ex. A).  For the reasons expressed below, HCSD is entitled to summary judgment on Tregre's § 1983 claim, and the court declines to exercise supplemental jurisdiction over Tregre's remaining state law claim, which will be dismissed without prejudice.

## Statement of Facts

On June 16, 2004, Tregre's employment with HCSD was terminated.  Tregre alleges that he was terminated in retaliation for filing a workers' compensation claim arising from an on-the-job injury he sustained while breaking up a fight between two prisoners in June of 2003.  Tregre states that certain sergeants at HCSD gave him a hard time for filing the claim,

and when he returned to work, recommended transferring him from a minimum security jail to a maximum security jail as punishment.  Asserting that he was more likely to re-injure his shoulder at a maximum security jail, Tregre returned to his doctor who placed him back on worker's compensation leave until he could be reassigned to a position that would accommodate his injury.  Tregre then filed a grievance against Captain Jay Coons for transferring him, and for allegedly relying on the recommendations of the sergeants who had harassed Tregre about his workers compensation claim.

While still on leave, Tregre was called into work to give a statement which he believed would concern his workers' compensation.  HCSD instead questioned Tregre about his off-duty work as a security officer at his apartment complex.  HCSD had evidence that Tregre had been working during his workers' compensation leave time, in violation of HCSD rules.  Tregre gave a statement admitting some allegations regarding his work at the complex, but then stopped the session and stated that he was mentally incapable of answering further questions at that time due to a work related trauma.  Approximately one month later HCSD fired Tregre for working in violation of department rules and for being untruthful about his off-duty work.

On June 25, 2007, Tregre's attorney attempted to appeal Tregre's termination to the Harris County Sheriff's Department Civil Service Commission by faxing a notice of appeal.  According to department regulations, the notice of appeal was due on Saturday June 26, 2007, ten days after Tregre's termination.  While Tregre's attorney claims that HCSD told

him he had ten *business* days to file an appeal,[1] the record indicates that Tregre's attorney did

attempt to fax the notice of appeal at least two times on Friday June 25, 2007.[2]  It appears

that these faxes did not go through because HCSD's fax machine was turned off, and thus

the notice was not received until Monday, June 28, 2007.[3]  Nonetheless, HCSD determined

that Tregre's notice was late and refused to consider his appeal.[4]

### Statement of the Case

Tregre filed this action on June 14, 2006, alleging that HCSD fired him in retaliation

for his worker's compensation claim in violation of Texas Labor Code § 451.001.  On

January 3, 2007, HCSD filed a Rule 12(b)(1) motion to dismiss, arguing that the court lacked

subject matter jurisdiction because it had neither diversity jurisdiction, nor federal question

jurisdiction.  Tregre then sought leave to amend his complaint, stating that federal question

jurisdiction existed but that he had inadvertently failed to include a paragraph in the

complaint which alleged that HCSD had violated 42 U.S.C. § 1983 by arbitrarily and

capriciously depriving him of his substantive due process rights.  The district judge granted

this motion to amend, and then denied HCSD's motion to dismiss.

Shortly thereafter, the parties filed a 28 U.S.C. § 636(c) consent to proceed before a

---

[1]  *See* Dkt. 24, Ex. F.

[2]  *See* Dkt. 24, Ex. B, pgs. 1-4.

[3]  *Id.* at pgs. 3-4.  The facsimile transmission report received by Tregre's attorney showed a "no answer" response from HCSD's fax machine at 5:23 and 5:25 p.m.

[4]  *See* Dkt. 24, Ex. C.

magistrate judge and the case was transferred to this court.  HCSD then filed a motion for

summary judgment, arguing that Tregre's complaint should be dismissed because: (1) HCSD

is not a legal entity capable of being sued; (2) HCSD did not violate § 451.001 et seq. or

otherwise retaliate against Tregre; (3) Tregre has not exhausted his administrative remedies;

and (4) Tregre cannot show a violation of § 1983 on the merits.  HCSD also re-urged its

argument that the court lacked subject matter jurisdiction.  Specifically, HCSD claimed that

since the district court lacked subject matter jurisdiction over the state law claim in the

original complaint, it had no power to authorize an amendment which would create

jurisdiction.  Tregre denies that this court lacks subject matter jurisdiction and urges the court

to deny HCSD's summary judgment motion on every ground asserted.

## Subject Matter Jurisdiction

When bringing an action in federal court, the plaintiff has the burden of pleading "a

short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

Tregre's original complaint, which asserted only a state law cause of action, entirely omitted

any allegations of federal jurisdiction.[5]  Alerted to this defect by HCSD's motion to dismiss,

Tregre sought and was granted leave by the district judge[6] to file an amended complaint

adding a federal claim under 42 U.S.C. § 1983, based on the same factual allegations as the

---

[5]  *See* Dkt. 1.

[6]  *See* Dkt. 16.

original complaint.[7] HCSD seeks to revisit this ruling, arguing that subject matter jurisdiction cannot be retroactively created by amendment where it did not already exist.

While amendments to pleadings are generally governed by Rule 15, an amendment of pleadings to show jurisdiction is also subject to 28 U.S.C. § 1653, which provides in its entirety:

> Defective allegations of jurisdiction may be amended, upon terms, in the
> trial or appellate courts.

Prior to 1948, this statute limited jurisdictional amendments to cases in which diversity jurisdiction was actually present, although defectively alleged; the current version expands the power to cure defective allegations of jurisdiction from diversity cases to all cases. *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 831 (1989). Section 1653 is designed to remedy technical or formal errors in alleging jurisdiction, and should be broadly construed to avoid dismissal of suits on such grounds. *Whitmire v. Victus Ltd.,* 212 F.3d 885, 887 (5th Cir. 2000). "In general, a motion for leave to amend should be granted if it would do nothing 'more than state an alternative jurisdictional basis for recovery upon the facts previously alleged.'" *Id.* at 888, quoting *Miller v. Stanmore,* 636 F.2d 986, 990 (5th Cir. 1981).

On the other hand, HCSD is correct that § 1653 does not permit a party to create subject matter jurisdiction by amendment where it did not exist in the first place. Section 1653 is a remedy for "inadequate jurisdictional allegations", not for "defective jurisdictional

---

[7] *See* Dkt. 10, ¶ 14.

facts." *Newman-Green*, 490 U.S. at 831, 832 n. 5. As the Fifth Circuit has explained:

> The danger against which a court must guard is that a party will attempt to use § 1653 to retroactively create subject matter jurisdiction. . . The cause for this concern is readily apparent: never having had power to act in the matter, the court never had authority to permit an amendment to the complaint.

*Whitmire,* 212 F.3d at 888 (citations and internal quotes omitted).  *See e.g., Boelens v. Redman Homes, Inc.,* 759 F.2d 504, 512 (5ᵗʰ Cir. 1985) ( § 1653 did not allow amendment to reassert previously dropped causes of action as basis for federal question jurisdiction).

Whether the jurisdictional defect in Tregre's original complaint is merely "technical" or "formal" is a close question.  Strictly speaking, there are no "defective allegations of jurisdiction" in that complaint, because it contains no allegations of jurisdiction at all.  A bun without a patty is not normally described as a "defective hamburger."  Nor is there any basis to believe that Tregre's original complaint intended to assert a federal claim, but fell short of the mark.  The sequence of pleading makes it evident that the amended complaint was intended to invoke a form of subject matter jurisdiction (federal question) not previously asserted.

Nevertheless, the Fifth Circuit has charitably construed § 1653 to permit amendment to assert a jurisdictional basis not contemplated by the original complaint.  In *Whitmire,* for example, the court held it was an abuse of discretion to deny an amendment asserting diversity as grounds for jurisdiction, even though the original complaint contained no such allegation.  212 F.3d at 887.  Tregre's amendment pertains to federal question jurisdiction rather than diversity, but this distinction is now immaterial for purposes of § 1653.

Most significantly of all, Tregre's amended complaint (like Whitmire's) did not seek to introduce any new substantive facts to the case.  The amended complaint is identical to the original, except for the addition of a single paragraph asserting that HCSD violated Tregre's substantive due process rights by arbitrarily and capriciously depriving him of his job.[8]  This extra paragraph contains no new facts, but merely argues that the same state actions which made his termination wrongful under the Texas Labor Code also wrongfully deprived him of a state-created property right under 42 U.S.C. § 1983.  Where the proposed amendment does "no more than state an alternative jurisdictional basis for recovery upon the facts previously alleged", amendment is authorized under § 1653.  *Miller v. Stanmore,* 636 F.2d 986, 990 (5th Cir. 1981). *See also Harkless v. Sweeny Independent School Dist.,* 554 F.2d 1353, 1359 (5th Cir.), *cert. denied,* 434 U.S. 966 (1977).

Based on these Fifth Circuit precedents liberally construing § 1653 to avoid dismissal on technicalities, and mindful that over a year has passed since the district judge considered and rejected HCSD's motion to dismiss on these same grounds,[9] the court concludes that subject matter jurisdiction has been properly invoked.  HCSD's motion for summary judgment on jurisdictional grounds is denied.

## Substantive Due Process

HCSD alternatively requests that Tregre's § 1983 substantive due process claim be

---

[8]  *See* Dkt. 10, Ex. A., ¶ 14.

[9]  *See* Dkt. 17.

summarily dismissed for failure to state a claim.  To state a substantive due process claim in

the public employment context, Tregre need only allege that:   (a) he had a property

interest/right in his employment, and (2) his termination was arbitrary or capricious.  *Moulton*

*v. City of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1993).[10]  Tregre does this in his amended

complaint.  However, HCSD argues that under *Schaper v. City of Huntsville*,[11] Tregre's

substantive due process rights are indistinct from his procedural due process rights.

Therefore, HCSD argues, Tregre has not stated a substantive due process claim because

neither his original complaint, nor his amended complaint, asserted a procedural due process

claim.

In *Schaper* the Fifth Circuit held that when a state-created property right is at stake,

substantive due process rights essentially mirror procedural due process rights.  In other

words, because the right springs from state law, not the Constitution, a violation of the right

does not occur (and therefore is not actionable) until the state fails to correct the deprivation

in post-deprivation proceedings.  To illustrate its distinction, the court used the *Augustine v.*

---

[10]  There is some question regarding whether termination of public employment may properly give rise to a substantive due process claim.  *See Nicholas v. Pennsylvania State University,* 227 F.3d 133, 142-143 (3rd. Cir. 2000) (joining "the great majority" of circuit courts and holding that a public employee's interest in continued employment is not "fundamental," and therefore is not protected by substantive due process); *County of Dallas v. Wiland*, 216 S.W.3d 344, 361 (Tex. 2007) (same). Existing Fifth Circuit precedent supports such a claim, however, and is binding until the court sees fit to revisit the issue.  *Id.* at 361.

[11]  813 F.2d 709, 717-718 (5th Cir. 1987).

*Doe*[12] example of the constitutional right to be free from illegal search and seizure, stating that the right to be free from unconstitutional search and seizure is violated the minute the illegal search or seizure happens, and the existence of process before or after doesn't change that fact.  Conversely, a violation of a state-created property right does not violate due process until after the state fails to make up for the deprivation in post-deprivation proceedings.  *Schaper* held that, because no post-deprivation claims were before the court on appeal, the court could not assess the post-deprivation actions.  Therefore, the fact that state law provided a right to a post-deprivation hearing in general (regardless of whether Schaper got an adequate one) meant that Schaper had not stated a substantive due process claim.

However, this holding was based on the *Parratt/Hudson* doctrine.  *Parratt/Hudson* instructs that if a deprivation of property arises out of a single instance of random, unauthorized state action, then so long as state law provides a post-deprivation remedy, the deprivation does not violate *procedural* due process.[13]  In *Schaper* the Fifth Circuit noted that while it had refused to apply the *Parratt/Hudson* doctrine to a *substantive* due process claim in *Augustine v. Doe* (because a constitutional right was at issue), it would apply the doctrine to Schaper's claim because it only involved a state-created property right.  As the court explained:

---

[12]   740 F.2d 322 (5th Cir. 1984).

[13]   *See Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986), and *Hudson v. Palmer*, 468 U.S. 517 (1984).

> Schaper's substantive due process claim, although advanced under a different rubric, really raises the same claim rejected in the previous [procedural due process] section [of this opinion].  Indeed, allowing Schaper's claim would effectively eviscerate the holding of *Parratt.  Id.*  It would allow a plaintiff to challenge a deprivation of a property interest on the ground that it resulted from arbitrary and capricious state action, while, under *Parratt/Hudson,* he would not be able to state a claim for the deprivation of the same right on the ground that it resulted from a random and unauthorized act of a state official.  This remarkable result clearly was not envisioned by the Court in *Parratt* or *Hudson.*  Schaper's substantive rights mirror his procedural rights, and under either theory *he cannot allege a violation at the pretermination stage of the process.*

813 F.2d 709, at 718 (citations and footnotes omitted, emphasis added).

The key to *Schaper*, however, is that the court was able to apply the *Parratt/Hudson* doctrine because it first found that Schaper's claims of bias on the part of the officials conducting his pre-termination hearing were *Parratt*-like allegations.  In other words, they were allegations about "random, unauthorized acts."  813 F.2d 709 at 715-716.

In this case, however, the *Parratt/Hudson* doctrine does not apply.  Three years after *Schaper* issued, the Supreme Court decided *Zinermon v. Burch*, 494 U.S. 113 (1990).  In *Zinermon* the court's definition of "random, unauthorized acts" differed from the Fifth Circuit's,[14] and precluded the doctrine's application in situations where a state official deprives a person of a property right pursuant to any established state procedure.  Specifically, the court held that when a state official is acting pursuant to established state procedure, his actions cannot be considered "random" even if they turn out to be erroneous

---

[14]    Craig W. Hillwig, "Giving Property All the Process That's Due:   A 'Fundamental' Misunderstanding About Due Process," 41 Cath. U. L. Rev. 703, 743 (1992).

under those same procedures. *Id.* at 130.  Similarly, where the state gives an official "the

power and authority" to effect a deprivation of property, that official's deprivation of

property cannot be considered "unauthorized" even if it turns out to be wrongful under state

law. *Id*. at 138.

Accordingly, even though Tregre claims of retaliation at least partially mimic

*Schaper's* claims of bias, HCSD's act of terminating him does not qualify as random because

it was done pursuant to its own established procedures.[15]  And, because the state had given

HCSD the power and authority to fire employees,[16] its termination of Tregre was not

unauthorized.  Thus, because *Parratt/Hudson* is inapplicable, HCSD's reliance on *Schaper*

is misplaced. *See Matthias v. Bingley,* 906 F.2d 1047, 1056 (5th Cir. 1990) (holding that

*Parratt/Hudson* does not extend to cases where "the deprivation of property is effected

pursuant to an established state policy or procedure, and the State could provide

predeprivation process.") (citations omitted).  Tregre has accordingly stated a claim for

substantive due process.

Nevertheless, Tregre's substantive due process claim cannot withstand summary

judgment because there is no evidence that HCSD's actions were arbitrary and capricious.

_____

[15]  Pursuant to Rule 12 of its Civil Service Regulations, HCSD conducted an investigation, gave Tregre the opportunity to respond to its charges, and ultimately dismissed Tregre for willfully violating the "rules and regulations set forth in the Department Manual concerning extra employment, compliance with orders, and truthfulness." *See* Dkt. 21, Ex. A, pgs. 1-3, and Ex. D, p. 51, Ex. P, pgs. 12-13.

[16]  *Thomas v. Long*, 207 S.W.3d 334, 340-341 (Tex. 2006) (citing TEX. LOC. GOV'T CODE § 158.035(a) and HARRIS COUNTY SHERIFF'S DEP'T CIVIL SERV. REGS. R. 12.01.).

To meet this standard, Tregre must show that the HCSD's actions went beyond mere negligence and constituted an abuse of power that shocks the conscience.  *See Marco Outdoor Advertising, Inc. v. Regional Transit Authority,* 489 F.3d 669, 673 n. 3 (5th Cir. 2007).  Further, when a constitutional right is not at stake, substantive due process is satisfied if the state's action had a rational basis in fact and was a "rational means of advancing a legitimate governmental purpose."  *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 149 (5th Cir. 1991); *Brennan v. Stewart,* 834 F.2d 1248, 1256 (5th Cir. 1988).  If an employer reasonably believes that an employee has engaged in conduct constituting cause for termination, substantive due process is satisfied–regardless of whether the employee is actually guilty of conduct.  *Delahoussaye*, 937 F.2d 144 at 151.

Here, Tregre has not produced evidence of arbitrary and capricious action on the part of HCSD because he has not even shown that HCSD acted negligently.  HCSD fired Tregre for violating its regulation prohibiting extra employment for employees on workers compensation leave.[17]  This regulation embodies a rational means of serving a number of legitimate governmental purposes.  At a minimum, it reduces the amount of time injured employees are likely to spend on leave by reducing the risk of re-injury.  HCSD's right to enact and enforce this sort of regulation is well-established;[18] and its belief that Tregre had violated the regulation was reasonable because it was based on the statements of numerous

---

[17]  *See* Dkt. 21, Ex. D, p. 51.

[18]  *Thomas v. Long*, 207 S.W.3d 334, 340-341 (Tex. 2006).

witnesses.[19]  Even assuming that certain sergeants were displeased about Tregre's workers

compensation leave, there is no evidence disputing that HCSD decision makers legitimately

believed Tregre's off-duty work violated departmental regulations.

Under department rules Tregre's off-duty work and later dishonesty about the work

constituted cause for termination.[20]  Because Tregre does not deny his off-duty work, and the

rules regarding termination are clear, there are no questions of material fact in this case to

preclude summary judgment on Tregre's substantive due process claim.  *See Celotex Corp.*

*v. Catrett,* 477 U.S. 317, 327 (1986) (summary judgment shall issue if, after having adequate

time for discovery, a plaintiffs has produced insufficient evidence to create a jury question

on one or more of the essential elements of their claims).

Tregre also argues that HCSD acted arbitrarily and capriciously when it transferred

him to a maximum security jail.  Even if this were true, the transfer did not deprive Tregre

of a property right.  Tregre was not fired for refusing to work at the maximum security jail,

and he has not shown that he had a constitutionally protected right to a particular work

assignment.  *See Jett v. Dallas Indep. School Dist.,* 798 F.2d 748, 754 n. 3 (5th Cir.1986)

("Although the governmental employer may specifically create a property interest in a

noneconomic benefit-such as a particular work assignment-a property interest in employment

generally does not create due process property protection for such benefits.").

---

[19]  *See* Dkt. 21, Exhibits I, L-N.

[20]  *See* Dkt. 21, Ex. A, pgs. 1-3, and Ex. D, p. 51, Ex. P, pgs. 12-13.

Consequently, Tregre's substantive due process claim is denied.[21]

## Conclusion

Having rejected Tregre's substantive due process claim, the court must consider whether to exercise supplemental jurisdiction over Tregre's remaining state law claim.  28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988) (as a general rule, federal courts should decline jurisdiction over pendent state claims if federal claims are disposed of before trial).

Moreover, judicial economy, fairness, convenience, and comity weigh in favor of dismissing Tregre's state law claim.  While the case has been pending in federal court since June of 2006, the court has not yet devoted meaningful resources to Tregre's state law claim. Further, the parties may use their completed discovery, research and other state-claim related work in state court.  *Parker & Parsley Petroleum Co. v. Dresser Indus.,* 972 F.2d 580, 585 (5th Cir.1992).  The parties claims and defenses against each other may also be asserted in state court, just as easily as they have been asserted here.  And, since this suit involves an event taking place here in Harris County, proceeding in a Harris County state court is just as convenient as proceeding here in federal court.  Lastly, as a matter of comity it is preferable for state courts to resolve state workers compensation claims, and Congress has reinforced that preference in 28 U.S.C. § 1455(c), which bars the removal of cases arising under a state's workers compensation scheme.  In *Jones v. Roadway Express, Inc*., 931 F.2d 1086

---

[21]  In light of this ruling on the merits, it is unnecessary for the court to rule on HCSD's non sui juris argument.

14

(5th Cir. 1991), the court held that after federal question jurisdiction was eliminated, the remaining workers compensation retaliation claim must be remanded to state court "in order to satisfy Congress' dictate that, to the extent possible, workers compensation cases remain in state court." *Id.* at 1092. While remand is not an option because this case was not removed from state court, these same concerns justify declining supplemental jurisdiction in this instance.

HCSD's motion for summary judgment on Tregre's substantive due process claim is granted. Tregre's state law claim under Texas Labor Code § 451.001 is dismissed without prejudice.[22]

A separate final judgment will issue.

Signed at Houston, Texas on May 7, 2008.

Stephen Wm Smith
United States Magistrate Judge

---

[22]  Given this disposition, Tregre's request to add Harris County as a party defendant is denied as moot.